IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-101-BO

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| SHANN A. COPELAND, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default judgment as to defendant Shann A. Copeland. [DE 12]. For the reasons that follow, plaintiff's motion for entry of default judgment [DE 12] is GRANTED.

## BACKGROUND

Defendant failed to appear in this action after personal service of the complaint and summons were made on him on August 28, 2018. Clerk's default pursuant to Rule 55(a) was entered against defendant on January 9, 2019. Fed. R. Civ. P. 55(a). Plaintiff now seeks entry of default judgment against defendant. Where, as here, a claim is not for a sum certain, a party must apply to the court rather than the clerk for entry of default judgment. Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

Plaintiff seeks entry of default judgment under Rule 55(b)(2). Plaintiff has established that defendant is neither a minor nor incompetent and is not in military service. After the entry of default, the well-pleaded factual allegations in plaintiff's complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must then "determine

whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought in this action." *Id.*

Specifically, plaintiff alleges that defendant exhibited a closed-circuit broadcast of a boxing match between Floyd Mayweather, Jr. and Conor McGregor on August 26, 2017 without plaintiff's authorization. These allegations are deemed admitted. The well-pleaded allegations in plaintiff's amended complaint support the finding that defendant violated the Federal Communications Act, 47 U.S.C. §§ 553 and 605, and defendant can therefore recover statutory damages under 47 U.S.C. § 605. The pleadings further sufficiently establish that defendant's actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Plaintiff is therefore entitled to recover, for defendant's violation, an award of statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). But, because "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000." *Id.* § 605(e)(3)(C)(ii). Plaintiff is further entitled to recover its reasonable attorneys' fees and full costs. *Id.* § 605(e)(3)(B)(iii).

The Court, in its discretion, finds that an award of statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) in the amount of $1,000.00 is just, and that plaintiff should recover under 47 U.S.C. § 605(e)(3)(B)(iii) an additional $1,500.00 in reasonable attorneys' fees and $400.00 in costs. The Court finds that no increased award of damages for willful violation of the Federal Communications Act is warranted in these circumstances, and therefore declines to increase plaintiff's statutory recovery above the $1,000 prescribed by § 605(e)(C)(i)(II).

## CONCLUSION

The motion for entry of default judgment against defendant Shann A. Copeland [DE 12] is GRANTED. Default judgment against defendant Copeland is hereby entered in the amount of $1,000.00 as statutory damages, $1,500.00 in reasonable attorneys' fees, and $400.00 in costs. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961(a). The clerk is DIRECTED to close this case.

SO ORDERED, this 5 day of April, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE